## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA
                     Plaintiff

    v.

DOREEN K. PIPER
EUGENE R. PIPER JR.
                    Defendant(s)

Civil Action No:  06-1051

**FILED**
HARRISBURG

AUG 0 3 2006

MARY E. D'ANDREA, CLERK
Per_____
            Deputy Clerk

### ORDER

AND NOW, this 3rd day of August, 2006, upon consideration of Plaintiff's motion for default judgment, the accompanying memorandum of law and affidavit, and any opposition thereto, it is hereby

### ORDERED

1.    That plaintiff's motion for judgment is granted.  Judgment is entered in favor of Plaintiff, United States of America, and against Defendant, DOREEN K. PIPER and EUGENE R. PIPER JR., in the amount of $72,031.53 plus interest at the rate of $15.35 per day from January 31, 2006 to the date of any Marshal's Sale or other sale of property.

2.    That the promissory note and mortgage between plaintiff and Defendant(s) are foreclosed as to the real property described therein.  In accordance with Section 204(1) of the National Housing Act there is no right of redemption in the mortgagor or any other person.

3.    That the real property described therein be sold according to the following:

(a)    The United States Marshal for the Middle District of Pennsylvania is directed to sell the real property specified in the mortgage between Plaintiff and Defendant(s) for cash to the highest bidder at a public, judicial sale pursuant to Title 28 U.S.C. Section 2001 within 180 days of this Order.  Notice must be given, in accordance with 28 U.S.C. Section 2002, once a week for four consecutive weeks prior to the sale in one newspaper regularly issued and of general circulation in the county and judicial district where the real estate is situated; Plaintiff may advertise a short description of the property rather than a complete legal

description.

(b)     Ten percent (10%) of the highest bid must be deposited in certified check or cashier's check with the United States Marshal by the bidder immediately upon the property being struck down to the bidder. The balance of the purchase money must be paid in certified or cashier's check by the highest bidder to the Marshal within ten (10) days after the sale is confirmed by the Court, without demand for the same being made by the Marshal. It is the highest bidder's responsibility to ascertain the date of confirmation. If the highest bidder fails to settle, all his rights in the real estate shall cease and be completely void and the property may be re-advertised and sold by the Marshal without further order of the Court at the risk of the defaulting bidder whose deposit shall be forfeited; and in case of a deficiency on such resale, he shall make good the same to the person thereby injured. The highest bidder shall take the real estate subject to and is to pay all current state and local taxes, water rents or charges, sewer rents or charges, and municipal claims, and any other claims, charges and liens against the property which are not divested by the Marshal's sale, and shall pay all state, local and federal transfer taxes and stamps. If Plaintiff is not the successful bidder, Plaintiff will automatically be registered as the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder.

(c)     Plaintiff, United States of America or its nominee is granted right of entry at reasonable times to the subject premises for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, the books, records and accounts, all other items, things and information necessary for the inspection, advertisement and sale of the subject premises.

(d)     Motion for Confirmation of the public sale shall be made by the Marshal or the Plaintiff to the Court 30 days after the date of sale.

4.     That upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant of further Order of this Court.

5.     That Plaintiff shall be paid the amount adjudged due pursuant to the distribution

of the proceeds of the sale.

     6.     That a true copy of this Order and decree shall be delivered to the United States Marshal by the Clerk.

     7.     That jurisdiction is retained over this matter for the granting of such orders and decrees as the circumstances may require.

BY THE COURT:

_____ J.